LAMAR, JUSTICE,
DISSENTING:
¶43. I do not join Justice Kitchens’s call to abolish flight instructions altogether, but I agree with him that granting the instruction here was error. Ford did not flee the crime scene immediately after committing the alleged crime. On the contrary, he voluntarily presented himself at the police station and gave a recorded statement just hours after the shooting. The flight instruction here was based solely on the evidence that Ford was found in his mother’s attic when the police arrested him some eight days later. And although this Court has approved the grant of a flight instruction under similar circumstances, I find the instruction here to be both an improper comment on the evidence and an unwise extension of the use of flight instructions altogether.
¶44.1 joined Presiding Justice Carlson’s special concurrence in Sanders v. State where he emphasized that flight instructions are appropriate only when a defendant has fled the scene of the crime:
The purpose of the flight instruction is to inform the jury that it might consider the defendant’s flight from the scene immediately after the commission of the crime as a circumstance from which guilty knowledge might be inferred. While the prosecution understandably might wish to present evidence of a defendant’s extended absence from the state and argue that fact to the jury (which the prosecutor would have every right to do, especially since the jury would be curious as to why it had taken more than twenty years after the crimes to bring a defendant to trial), the flight instruction in today’s case was appropriate only to the extent of allowing the jury’s consideration of the fact that Sanders had fled the scene of the crime immediately after the commission of the crimes. The difference in what the prosecutor can do, and what the trial judge can do via a written instruction to the jury, is the cold hard fact that when a trial judge instructs the jury on such matters as a defendant’s flight, such action only “heightens the importance of the evidence [of flight] in the eyes of the jury.” Randolph, 852 So.2d [547,] ... 568 [Miss.2002] (Carlson, J., concurring).
Sanders v. State, 63 So.3d 497, 510 (Miss. 2011) (Carlson, P.J., specially concurring) *499 (emphasis added). This case also presents that problematic extension of the flight instruction. As such, I would reverse the judgment and remand this case for a new trial.
DICKINSON, P.J., AND KITCHENS, J., JOIN THIS OPINION IN PART.